IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BEATRICE GARCIA | § | |
| | § | |
| V. | § | CASE NO. 4:07-CV-20 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be AFFIRMED.

**HISTORY OF THE CASE**

Plaintiff filed an application for DIB and SSI on April 13, 2004, claiming to have been disabled since January 1, 2000, due to fibromyalgia and a torn ligament in her right ankle.  After a March 9, 2006 hearing, at which Plaintiff was represented by counsel, the Administrative Law Judge (ALJ) issued an unfavorable decision, finding that Plaintiff was not disabled.  On November 16, 2006, the Appeals Council found that no basis existed for review of the ALJ's decision.  As is her right, Plaintiff filed this suit.

1

## **ADMINISTRATIVE LAW JUDGE'S FINDINGS**

After considering the record, the ALJ made the following findings:

1. The claimant met the insured status requirement of the Social Security Act through December 31, 2005.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 C.F.R. 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: arthralgias and degenerative disc disease (20 C.F.R. 404.1520(c) and 406.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at sedentary and light exertional levels, which is defined as lifting no more than 20 pounds occasionally and 10 pounds frequently; standing or walking 6 of 8 hours in a work day; and sitting 6 of 8 hours in a work day. She needs to be able to change from sitting to standing occasionally while at her work site.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

7. The claimant was born on June 30, 1957 and was 42 years-old on the alleged disability onset date, which is defined as a younger individual age 18-44 (20 C.F.R. 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material in determination of disability due to the claimant's age (20 C.F.R. 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1560(c), 404.1566, 416.960(c), and 416966).

11. The claimant has not been under a "disability," as defined in the Social Security

>Act, form January 1, 2000 through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(T.R. 19-23).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not re-weigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform substantial gainful activity, a five-step sequential evaluation is used, as described below.

**SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of her disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if her alleged impairment is not severe, without consideration of her residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled, if her impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if she is capable of performing her past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to her past work is not disabled if she has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with her medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). In this case, the determination was made at this step because the ALJ found that Plaintiff was capable of performing jobs existing in significant numbers in the national economy.

## ANALYSIS

Plaintiff's first point of error is that the ALJ erred in finding Plaintiff not credible and erred in his assessment of the opinions of Plaintiff's treating physician. Plaintiff acknowledges that the ALJ has the responsibility for determining a claimant's credibility, *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991), but argues that the ALJ's credibility determination was not grounded in or supported by the evidence. S.S.R. (96-7p 1996). Plaintiff contends that the ALJ mentioned only the lack of Dr. Lavery's objective findings as proof of Plaintiff's lack of credibility, yet Dr. Lavery specifically opined that Plaintiff is disabled.

The Court disagrees with Plaintiff's assessment. Disability is a matter reserved for the ALJ, not Plaintiff's doctor. *Moore v. Sullivan,* 919 F.2d 901, 905 (5th Cir. 1990 (per curiam)); 20 C.F.R. § 404.1527 (e)(1)-(3).

Plaintiff also argues that the ALJ's reasoning for giving Dr. Lavery's opinion little weight was based on a mistake regarding the facts; specifically, the ALJ discounted Dr. Lavery's opinion of the severity of Plaintiff condition because there was no evidence of swelling, but an MRI of Plaintiff's shoulder had revealed edema and was suggestive of "severe inflammatory changes." (Tr. 190-191). The ALJ may discredit a doctor's testimony or give it little weight if good cause is shown. *Myers v. Apfel,* 238 F.3d 617, 621 (5th Cir. 2001); *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000). In this case, the ALJ specifically mentioned that he reviewed all the evidence in the record. Three months after the MRI, an exam revealed that Garcia had no crepitus in the shoulder, that the range of motion was normal, and that x-rays revealed no arthritic or degenerative changes. (Tr. 218). The ALJ is entitled to draw his own conclusions from the record before him.

Plaintiff also contends that the fact that Dr. Lavery's opinions were based on Plaintiff's condition from 2004 (when Plaintiff had the alleged disability since 2000), was an improper reason

5

for discrediting Dr. Lavery's opinion. Plaintiff argues that Dr. Lavery's opinions were relevant regarding Plaintiff's condition between 2004 and the date of the ALJ's decision and that, to the extent that Dr. Lavery's opinion created a question regarding the date that Plaintiff's impairments became disabling, the ALJ was obligated to obtain the aid of a medical expert to resolve the question.

The ALJ's need to contact a medical source arises only when the available evidence is inadequate to determine if there is a disability. 20 C.F.R. § 416.912(e). The ALJ considered the lack of any medicals for four years in rejecting Dr. Lavery's opinion as to the length of disability. The records submitted demonstrate only that the symptoms complained about were recent in origin. Moreover, because the ALJ did not find that Garcia was disabled, no inquiry into an onset date was required. *Nix v. Barnhart*, 160 Fed. Appx. 393, 396-97 (5th Cir. 2005).

Finally, Plaintiff asserts that the ALJ's finding that his decision was generally in agreement with Dr. Chambers's opinion was also incorrect because Dr. Chambers, like Dr. Lavery, found that Plaintiff is unable to perform light or sedentary work and is disabled. For example, Chambers opined that Garcia could not bend or stoop. However, her own treating doctor opined that she could bend and stoop occasionally.

The Commissioner argues that the ALJ's decision reveals that the various medical reports and opinions were properly weighed. The Commissioner also contends that the ALJ may decide how much weight a doctor's opinion should be given, as long as there is any evidence in the record which contradicts the doctor's opinion. The Commissioner notes that the medical evidence from at least two other physicians, besides Dr. Chambers and Dr. Lavery, support a finding of no disability and that Plaintiff's medical impairments can reasonably be remedied or controlled by medication or treatment and are therefore not disabling. *See Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988); *see also Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986). The Court finds that, as to Plaintiff's first

point of error, there is substantial evidence to support the ALJ's finding and that point is therefore overruled.

Plaintiff's second point of error is that the ALJ erred in failing to consider the limiting effects of all of Plaintiff's impairments and, as a result, failed to meet his burden of proof in finding that Plaintiff had retained the ability to perform other work existing in significant numbers in the national economy.  Plaintiff argues that the ALJ should have found Plaintiff's shoulder impairment severe because she had continued pain after her treatment which had continued at a severe level for more than twelve months.  Plaintiff also argues that the ALJ is required to consider the combined effect of all of the Plaintiff's impairments when making his disability determination, even if some impairments are themselves non-severe.  Plaintiff therefore contends that the ALJ should have considered Plaintiff's impairments related to her tendinitis, cervical sprain, and cubital tunnel syndrome.  Plaintiff also asserts that if the ALJ had considered all of Plaintiff's impairments, the ALJ would have found that Plaintiff could not work as a cashier, which was the only type of work that the vocational expert testified Plaintiff could perform.

The Commissioner argues that substantial evidence in the record supported the conclusion that Plaintiff's shoulder impairment was not severe.  The Commissioner further argues that the "mere presence of some impairment is not disabling per se" and that the Plaintiff "must show that she was so functionally impaired by her [impairment] that she was precluded from engaging in any substantial gainful activity."  *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1988).  Finally, The Commissioner asserts that substantial evidence supports a finding that Plaintiff's impairments do not prevent her from working as a cashier.

Here, the ALJ specifically stated that, after considering the evidence of record, he found that Garcia's impairments could produce the symptoms complained about, but he held that her statements

regarding the intensity, duration, and limiting effects were not entirely credible. It is the province of the ALJ to weigh evidence, determine witness credibility, and resolve conflicts. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988).

This Court's review is limited. The ALJ did a careful analysis of the records before him, which encompasses several pages of his findings. The Court finds that substantial evidence supports the decision, and the second pont of error is overruled.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc). The parties are directed to file a response to any objections to the Magistrate Judge's Report and Recommendation within ten days of the filing of the objections.

**SIGNED this 26th day of June, 2008.**

                                                          DON D. BUSH
                                                          UNITED STATES MAGISTRATE JUDGE